## SPECIAL BENEFITS RESULTING FROM STREET IMPROVEMENTS.

[Circuit Court of Lucas County.]

JOSEPH L. YOST, TREASURER, v. TOLEDO & OHIO CENTRAL RAIL-
WAY CO.

Decided, 1902.

*Street—Improvement of—Special Benefits Resulting Therefrom—As-*
*sessment in Excess of Benefits—Separate Parcels With Differing*
*Benefits Belonging to Same Owner—Estoppel—Injunction—Burden*
*of Proof.*

1. The fact that installments of a street improvement assessment have
been paid for a number of years without objection, does not estop
an abutting property owner from interposing the defense that the
amount assessed was in excess of the special benefits resulting to
the property, where it is shown that the improvement was made
without notice to the abutting owner or knowledge on his part.

2. The burden of proof in such a case rests upon the abutter to establish
that the assessment exceeded the special benefits resulting to his
property.

3. Where the abutter owns property on both sides of the street im-
proved, and the testimony is to the effect that the installments
already paid on the assessment equal the benefits as to one parcel
but that the benefits exceed the full assessment levied against
the other parcel, an injunction will lie against the collection of
further installments against the first parcel, but not as to the
second parcel.

4. In such a case each party will be required to pay his own costs.

PARKER, J.; HAYNES, J., and HULL, J., concur.

Heard on appeal.

This case comes into this court by way of appeal. It is an
action by the treasurer to recover certain taxes and assessments.
The question presented to us for consideration and decision re-
lates to certain assessments levied upon the property of the rail-
road company on account of the cost and expense of paving
Bridge street, running along the premises in East Toledo, ex-
tending from Front street in East Toledo to the Cherry street
bridge, the part of it running between a certain tract of land

520   CIRCUIT   COURT   REPORTS—NEW   SERIES.

Yost, Treas., v. Toledo & Ohio Central Ry. Co. [Vol. II, N. S.

belonging to the railroad company, constituting the western approach to the bridge. This street improvement was made in 1891, and the assessment was levied by ordinance passed upon January 4, 1892. The assessment upon the property abutting upon the improvement was made by the foot front rule, and part of the cost of the improvement was assessed upon the street railroad which traverses this street; the remainder was assessed one-half upon the general tax duplicate of the city and one-half on the property abutting on either side of the street according to the foot frontage, and this made the amount of the assessment upon the abutting property about $5.00 per foot front.

No objection to this assessment appears to have been made by the defendant railroad company at the time it was made; and the assessment which was spread over a period of years (the years 1892 to 1901, inclusive), have been paid from time to time by the railroad company without objection, until it came to the assessment of 1899, when it declined to pay further, upon the ground that it had already paid as much as the special benefits accruing to its property, that is to say, an amount equal to the special benefits.

At the last term of this court we decided, upon certain facts then presented, that the railroad company had not received such notice of this proposed improvement and assessment, and such steps had not been taken with its knowledge, or it had not participated in the carrying forward of the improvement in such way as to preclude it from interposing this defense. In other words, that it was not absolutely bound or estopped; but we also held that, under the circumstances, the burden of proof rested upon the railroad company to establish that the assessment exceeded the special benefit accruing to its property, and upon that question the issue was made up, the evidence submitted, and the case presented at this session of the court.

The property of the railroad company consists of two parcels. It appears to have been so described in the proceedings for the improvement and assessment, and is distinctly so described in the petition of the treasurer in this case, in which he attempts to collect the assessment, and we think that the circumstances justify or indeed require that it shall be considered by us in this

case as two distinct tracts, one of the tracts lying upon the north side of Bridge street, the other upon the south side. The tract upon the north side has a frontage upon the street of 868.84 feet. The total amount of the assessment upon this tract was $4,264.77; of this amount there has been paid by the company $3,189.31, leaving a balance unpaid of $1,075.45. The frontage of the tract upon the south side is 740.10 feet. The total assessment upon that was $3,641.21; of this there has been paid $2,-722.99, leaving a balance unpaid of $918.22.

It will be seen that substantially three-fourths of the assessments have been paid on each side, in the neighborhood of $3.75 per foot. I have not figured this out closely, but it amounts to about that. Now the property upon the south side has been somewhat improved. In a state of nature both tracts were under water; they constituted part of the shallow waters of the Maumee river upon the eastern side of that river, and improvements have from time to time encroached upon the river, and the river has been filled in. Upon the south side the railroad company has filled in its track for some distance. It is conceded that about 500 feet of this 741.10 feet upon the south side is filled in, and the company is, and at the time of the making of this improvement was, utilizing it for its freight depot and yards, its passenger depot and tracks, etc.

These properties have a frontage also upon the river. Extending out beyond these limits indicated by the foot frontage upon the street, they have a right to erect docks. The railroad has not availed itself of its river frontage by building any docks, or by otherwise utilizing the property. It is said by witnesses that ultimately, as the city grows, in all probability the property will be useful and valuable on account of its river frontage and its dock privileges on the north side. However, there has been no filling in of this shallow part of the river, and so far as present utility is concerned, or any present use that is made of the property, it is practically waste swamp land. The water over it is not deep enough for navigation, and it is rather too deep for other lines of business.

It is said, however, by witnesses, that the property has been improved generally, that is to say, its value has been increased,

522   CIRCUIT COURT REPORTS—NEW SERIES.

Yost, Treas., v. Toledo & Ohio Central Ry. Co. [Vol. II, N. S.

and that this increase has been somewhat special in its character by reason of this improvement, notwithstanding the fact that the part upon the north side is not at present utilized.   As to the extent of this benefit the witnesses differ widely.   It is apparent that it is somewhat speculative; that is, it depends upon the growth of the city and the future use that may be made of the property; at present the street improvement is really of no use to the property.   But, as I have said, witnesses say that it has increased its value, its market value, and we are not prepared to say that this is not a special benefit that may be considered and form the basis of a special assessment.   But we are of the opinion, taking the testimony of all the witnesses into consideration, that the railroad company has alredy paid upon the tract upon the north side of the river fully up to the amount of the special benefit accruing thereto from this improvement; that the special benefit was not equal to the whole cost of the improvement or that part of the cost assessed upon this property; and that the amount paid, about $3.75 per foot, is fully as much as the property was specially benefited, so that the defense as to that will be sustained.

I believe there is a prayer for an injunction, and that will be granted.

As to the tract upon the south side, we are of the opinion, from the testimony of the witnesses, that the 500 feet which has been filled in and utilized, as I have stated, has been specially benefited much more than the $5.00 per foot assessed upon the property.   In our judgment a fair consideration of the evidence warrants us in saying it has been benefited $10 per foot for the 500 feet, and that would amount to $5,000, which is much more than was assessed upon the whole frontage of 740.10 feet.   As before stated, we are not asked to subdivide, and do not feel authorized to subdivide these tracts, and we consider them as entireties.   The sum of $3,641.21 was assessed upon this tract, $2,722.99 has been paid and $918.22 remains to be paid.

We are of the opinion that the railroad company has failed to establish that the total amount of the assessment upon the tract lying upon the south side of Bridge street exceeds the special benefit accruing thereto from the improvement; and, therefore,

its defense as to that tract is not sustained. The decree as to that tract will be in favor of the plaintiff.

And in view of the fact that the parties each prevail as to one of the tracts, as to practically half of the controversy, the costs will be divided and judgment for part of the costs shall go against each party. Each party shall pay its own costs.